FILED
SUPERIOR COURT
OF GUAM

2022 AUG 10 AM 11: 30

CLERK OF COURT

BY:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0169-22 |
| vs. | DECISION AND ORDER |
| JOHN LEONARD MATA CRUZ aka John Leonard Cruz, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Defendant **JOHN LEONARD MATA CRUZ aka John Leonard Cruz's** ("Defendant") Motion to Dismiss, filed May 16, 2022. Defendant is represented by Assistant Public Defender John P. Morrison. The People of Guam ("the Government") are represented by Assistant Attorney General Grant Olan. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant was indicted with one count of Aggravated Assault (As a Third Degree Felony) with attached Special Allegation: Deadly Weapon Used in a Felony and one count of Leaving the Scene with Injuries (As a Third Degree Felony). (Indictment, Mar. 29, 2022). The matter proceeded to trial and a jury of twelve heard sworn testimony from the AG Investigator Frank Santos, victim Shaun Pangelinan, Donicia Taitague, S.W. (DOB: 12/14/2004), GPD Officer Martin Oliva and GFD Medic Andrew Escamillo. After the Government rested its case,

Defendant moved for a judgment of acquittal pursuant to 8 GCA § 100.10 and to dismiss the Second Charge pursuant to 9 GCA § 7.67. The Court denied both motions. Jurors then heard sworn testimony from Defendant's wife, Tricia Cruz. After Defendant rested his case, the matter was sent to the jury for deliberation. On May 10, 2022, the jury acquitted Defendant of the First Charge of Aggravated Assault (As a Third Degree Felony) and its attached Special Allegation: Deadly Weapon Used in a Felony and convicted Defendant of the Second Charge of Leaving the Scene with Injuries (As a Third Degree Felony).

On May 16, 2022, Defendant filed the instant Motion to Dismiss. On May 26, 2022, the Government filed its Opposition. No Reply was filed. The Court subsequently placed the matter under advisement without further hearing. *See* Order Placing Defendant's Mot. Dismiss Under Advisement & Vacating Sentencing Hearing set for 08/05/202, Jun. 29, 2022.

## DISCUSSION

Defendant moves the Court to dismiss the Second Charge of Leaving the Scene with Injuries (As a Third Degree Felony) because it is inappropriate "given the self-defense aspect of this case, the fact Mr. Cruz could not legally comply with the statutes requirements, and that the statute contemplates an accident that was missing from the evidence presented." (Mot. Dismiss at 4, May 16, 2022). The Government objects, arguing that a dismissal motion pursuant to 9 GCA § 7.67 should have been filed prior to the commencement of trial and that it was not inconsistent for the jury to find him guilty of Leaving the Scene with Injuries, despite finding him not guilty of Aggravated Assault or the lesser offense of Assault. *See generally*, Opp'n, May 26, 2022.

Under Guam law:

> The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct:
>
> > (a) Was within a customary license or tolerance, neither expressly negated by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;

(b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or

(c) Presents such other extenuations that it cannot reasonably be regarded as envisaged by the Legislature in forbidding the offense. The court shall not dismiss a prosecution under this Subsection without filing a written statement of its reasons.

9 G.C.A. § 7.67. Section 7.67 "directs the trial court to dismiss a prosecution if it finds that the defendant's conduct falls within *at least one* of three distinct circumstances." *People v. Perez*, 2004 Guam 4 ¶ 9 (emphasis in original). The "statute recognizes that it would be unrealistic to believe that judges never enter a finding of not guilty even though guilt is proven where a conviction is considered to be inappropriate, and therefore authorizes the trial court to mitigate the general provisions of the criminal law to prevent absurd applications." *Id.* at ¶ 10 (quoting 9 G.C.A. § 7.67 cmt.). Section 7.67 is modeled after Model Penal Code § 2.12, which has been adopted by New Jersey, Maine, Hawaii, and Pennsylvania.[1] *Id.* at ¶ 11; fn. 3. "[T]he language of the statute requires the trial court to dismiss the prosecution on its own accord, upon a determination that the defendant's conduct involved *de minimus* infractions." *Com. v. Gemelli*, 474 A.2d 294, 300 (Pa. 1984) (citation omitted). Therefore, although not typically moved for after trial and conviction, the Court does not find that the Motion is untimely.

Here, Defendant was found guilty by the jury to the Second Charge of Leaving the Scene with Injuries (As a Third Degree Felony). The offense of leaving the scene with injuries is set forth in 16 G.C.A. § 3501, entitled "Accidents". Section 3501 provides in relevant part that:

> The operator, or owner, if present, of any vehicle involved in an accident resulting in injury or death to any person or damage to any real or personal property, shall, immediately after such accident, give his full name, address, the registration number of his vehicle and exhibit his operator's license to the persons struck or the operator or occupant of any other vehicle involved in such accident, or the

---

[1] Guam and Pennsylvania follow the Model Penal Code and use the mandatory term "shall." *See* Model Penal Code § 2.12 and 18 PA. STAT. AND CONS. STAT. ANN. § 312. New Jersey, Maine, and Hawaii substituted the mandatory "shall" with the permissive "may." dismissal of a prosecution as de minimis

owner or custodian of any real or personal property damaged in such accident, unless the person struck or the operator of the other vehicle involved or the owner or custodian of the real or personal property involved shall signify that no injuries or damages have been sustained.

16 G.C.A. § 3501(b). Section 3501 further provides that "[a]ny person violating the provision of this Section by failing to stop after being involved in an accident resulting in injury to any person, other than himself, or death of any person shall be guilty of a felony." 16 G.C.A. § 3501(f). Thus, Defendant must have been involved in an accident with his vehicle resulting in injury or death, and have failed to immediately stop and provide information to the person struck.

To determine whether Defendant's violation of section 3501 should be considered de minimis, the Court looks to the factors set forth in *State v. Zarrilli*, 523 A.2d 284 (N.J.Super. Ct. Law Div. 1987). *See Perez*, 2004 Guam 4 ¶ 12. The *Zarrilli* court stated that "[t]he one question to be asked and answered in response to a de minimis motion is . . . What is the risk of harm to which society is exposed by defendant's conduct?" The factors to consider such question include: "(a) the circumstances surrounding the commission of the offense; (b) the existence of contraband; (c) the amount and value of property involved; (d) the use or threat of violence; and (e) the use of weapons." *Perez*, 2004 Guam 4 ¶ 12. "Defendant's conduct under the de minimus statute is not viewed in isolation, but coupled with the surrounding circumstances which play an integral part herein to explain the what, why and how of defendant's intent." *State v. Cabana*, 716 A.2d 576, 579 (N.J. Super. Ct. Law. Div. 1997).

Defendant argues that the statute "is in no way intended to punish those who use force to defend themselves against a violent attacker or to burden them with confronting their attacker to provide information not in existence." (Mot. Dismiss at 5). As an initial matter, the Court notes that the fact that Defendant did not have a valid license and/or registration does not in of itself render the offense de minimis and does not excuse any violation of 16 G.C.A. § 3501(b). The failure to abide by other Guam traffic laws does not excuse a defendant from following other laws. In this case, Defendant was charged with recklessly causing or attempting to cause bodily injury to Shaun Pangelinan with his vehicle and then having left the scene without giving his

full name, address, vehicle registration and license information to Shaun Pangelinan. (Indictment, Mar. 29, 2022). Defendant asserted the defenses of self-defense and defense of others to the charge of Aggravated Assault (As a Third Degree Felony) and was acquitted of the charge and any lesser included offense by the jury. Testimony at trial included facts that Defendant and the victim, Mr. Pangelinan, were involved in an altercation in the middle of the road where Mr. Pangelinan had a machete and threatened Defendant with it. Defendant's wife was also present in the car. Thus, either the jury found that Defendant was acting in self-defense or the defense of others or that the Government had not disproved that he was not acting in self-defense or the defense of others.[2] As to any injuries sustained by Mr. Pangelinan, Defendant argues that "[i]f Mr. Pangelinan's injuries were self-inflicted as he attacked Mr. Cruz's moving vehicle, this does not qualify as an accident but is instead a self-inflicted injury sustained during an attack" and "[i]f Mr. Pangelinan's injuries were caused by Mr. Cruz as he acted in self-defense, it is illogical to expect Mr. Cruz to stop his car and begin providing information to someone with a machete who had just attacked him and was continuing to yell threats towards him." (Mot. Dismiss at 5). In light of the jury's finding that Defendant was not guilty of the charge of Aggravated Assault (As a Third Degree Felony) because he acted in self-defense or the defense of others, the Court finds that requiring Defendant to stay and give his information to his attacker is not the "harm or evil sought to be prevented by the law defining the offense." Accordingly, the Court grants Defendant's Motion to Dismiss.

//

//

//

//

//

//

//

---

[2] The jury was instructed that the Government must prove beyond a reasonable doubt that the Defendant did not act in self-defense or in the defense of third persons. (Jury Instruction 6K & 6M).

**CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion to Dismiss. The Court hereby dismisses the conviction of Leaving the Scene with Injuries (As a Third Degree Felony).

**IT IS SO ORDERED** this 10th day of August, 2022.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam